UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA BELTRAN,<br><br>               Petitioner,<br><br>       v.<br><br>ELISEO RICOLCOL, Warden,<br><br>               Respondent. | Case No. 5:24-cv-02311-FLA (RAO)<br><br>**ORDER SUMMARILY DISMISSING PETITION** |

On October 28, 2024, Petitioner Claudia Beltran ("Petitioner")—a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") Medium I in Victorville, California, and proceeding *pro se*—filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. 1. The Petition claims the BOP is improperly holding Petitioner at FCI Victorville, even though she was allegedly eligible for release on October 1, 2024, based on the Second Chance Act. Dkt. 1 at 1.[1] The Petition asks the court to order the BOP to release Petitioner to a reentry program for a period of two months. *Id.* (asking the court for

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System rather than any page numbers included natively.

"2 months [Second Chance Act] so [Petitioner] can get [reacclimated] back into the community for immediate release").

On November 19, 2024, the court ordered Respondent Eliseo Ricolcol ("Respondent") to file either a motion to dismiss by December 19, 2024, or an answer addressing the merits of the Petition by January 3, 2025. Dkt. 4 at 2. Respondent then sought, *ex parte*, a thirty-day extension of time to respond to the Petition, which the court granted. Dkts. 6–7. The court's January 27, 2025, Order granting Respondent's extension request mailed to Petitioner was subsequently returned as undeliverable. Dkt. 8.

The court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was released from BOP custody on November 29, 2024. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Feb. 10, 2025). For the following reasons, the court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub.*

*Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought release to a reentry program based on the Second Chance Act. Since the filing of the Petition, Petitioner has been released. Because she has obtained the relief she sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *See Peneueta v. Ricolcol*, No. 2:23-cv-6361-PA-JC, 2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)). Because Petitioner was released from BOP custody on November 29, 2024, her Petition is now moot.

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

IT IS SO ORDERED.

Dated: February 18, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

3